IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 23, 2022

## NATHAN G. FLEMMING v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 117860  Kyle A. Hixson, Judge**

_____

### No. E2021-00928-CCA-R3-PC

_____

The Petitioner, Nathan G. Flemming, appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief from his convictions for attempted first degree murder, especially aggravated robbery, aggravated robbery, employing a firearm during the commission of a dangerous felony, carjacking, and employing a firearm during the commission of carjacking, for which he is serving an effective sixty-eight-year sentence.[1]  On appeal, the Petitioner contends that: (1) the post-conviction court erred in applying an incorrect legal standard to deny relief on the Petitioner's ineffective assistance of counsel claim, and (2) the Petitioner is entitled to relief under the cumulative errors doctrine.  We affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., P.J., and CAMILLE R. MCMULLEN, JJ., joined.

Gerald L. Gulley, Knoxville, Tennessee, for the Appellant, Nathan G. Flemming.

Herbert Slatery III, Attorney General and Reporter; Hannah-Catherine Lackey, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner's convictions arise from his actions on December 26, 2013, at and around the home of Derek Marsh.  The Petitioner had arranged to purchase marijuana at Mr. Marsh's home.  When the Petitioner arrived, he produced a gun, held Mr. Marsh at

_____

[1] The Petitioner's last name is spelled Fleming in his previous appeal.  We have used the spelling as it appears on the petition for post-conviction relief.

gunpoint, and disarmed Mr. Marsh.  Mr. Marsh fled the home after being disarmed.  The Petitioner then shot James Reed Daniels, Mr. Marsh's associate, and took marijuana from the home.  The Petitioner left, went across the street, and approached Mateo Gaspar, who was in his SUV.  The Petitioner shot Mr. Gaspar twice as the Petitioner took the SUV from Mr. Gaspar.  The Petitioner was convicted by a jury of two counts of attempted first-degree murder, two counts of carjacking, two counts of aggravated robbery, two counts of especially aggravated robbery, and four counts of employing a firearm during the commission of a dangerous felony.  He received an effective sentence of sixty-eight years.  He appealed, and this court denied relief. *See State v. Nathan G. Fleming*, No. E2019-00078-CCA-R3-CD, 2020 WL 1875240, at *1 (Tenn. Crim. App. Apr. 15, 2020), *perm. app. denied* (Tenn. July 17, 2020).

On August 21, 2020, the Petitioner filed a pro se petition for post-conviction relief alleging a violation of his rights to due process and to a jury trial, the ineffective assistance of trial counsel, and the ineffective assistance of appellate counsel.  The post-conviction court appointed post-conviction counsel, who filed an amended petition.

The Petitioner testified at his post-conviction hearing that his sentencing hearing was "around" August 21, 2016.  He stated that he was not present when a written sentencing order and judgment were filed around September 2017.  The Petitioner asserted that trial counsel did not object to the Petitioner's absence when the sentencing order was entered.  He also asserted that counsel did not object to the delay in sentencing.  The Petitioner stated that he learned of his sentence from Tennessee Department of Correction records.

The Petitioner testified that during the intervening period between the sentencing hearing and before the issuance of the sentencing order and judgments, trial counsel filed a motion to withdraw due to the deterioration of the relationship with the Petitioner.  The trial court granted the motion to withdraw and appointed appellate counsel for the motion for a new trial.

The Petitioner testified that appellate counsel sent the Petitioner a copy of the appellate brief but did not communicate otherwise.  The Petitioner asserted that appellate counsel did not raise the issues of jury tampering, sentencing delay, and the Petitioner's absence for the entry of the sentencing order.  The Petitioner said that he would have received a lesser sentence if he had received the effective assistance of trial counsel.  To support his claim, the Petitioner stated that in his appeal from the conviction proceedings, the appellate court said that appellate counsel should have pursued a sufficiency of the evidence claim.

On cross-examination, the Petitioner testified that trial counsel could have more effectively convinced the jury that the Petitioner should have been convicted of attempted voluntary manslaughter as a lesser included offense of attempted first degree murder.  The

Petitioner acknowledged that counsel did his best to defend the especially aggravated robbery charge. The Petitioner said that he wanted to be present for the entry of the sentencing order for the trial court to see his remorse. The Petitioner admitted that he was allowed to address the court at the sentencing hearing and that he declined to address the court. The Petitioner conceded that he was given an opportunity to state his "feelings" when he was interviewed for the presentence report.

The Petitioner testified that when he learned of the appointment of appellate counsel, he informed counsel of claims related to jury tampering, insufficient evidence, and sentencing. The Petitioner remembered that his first conversation with counsel occurred after the motion for a new trial hearing and that the conversation was short and about strategy.

The Petitioner testified that appellate counsel had given the Petitioner a copy of the appellate brief. The Petitioner stated that after this court affirmed the convictions, counsel informed the Petitioner that the Tennessee Supreme Court denied the application for permission to appeal. The Petitioner said that the final communication he received from counsel stated the Petitioner would be appointed new counsel for post-conviction proceedings.

The Petitioner maintained that had appellate and trial counsel represented him differently, he would have been convicted of attempted voluntary manslaughter, rather than attempted first degree murder, and he would not have been convicted of especially aggravated robbery.

Trial counsel testified that he focused his trial strategy on challenging the sufficiency of the evidence for the carjacking and the attempted first degree murder charges. Counsel stated that he discussed with the Petitioner the strategy of arguing that the Petitioner was overcharged.

On cross-examination, trial counsel testified that he asked to withdraw from representation before the motion for a new trial was filed due to an irreparable breakdown in the attorney-client relationship. Counsel could not recall if he had conversations with the Petitioner about the delay between the sentencing hearing and the filing of the sentencing order and judgments. Counsel testified that he asked the trial court about the status of the Petitioner's judgments and sentencing order and encouraged the court to issue the order. Counsel also could not recall if after the sentencing hearing he informed the Petitioner that the judgments would not take long to be filed.

Trial counsel could not recall any incident in which someone reportedly video recorded the jury. Counsel maintained that if he had witnessed the video recording of a juror, he would have brought it to the trial court's attention. Even though he could not

recall the details of the alleged recording event, counsel acknowledged that the trial transcript correctly reflected any actions he took.

Appellate counsel testified that he was appointed to the Petitioner's case after trial counsel was allowed to withdraw. When appellate counsel reviewed the transcript, he determined that the Petitioner's mens rea was a disputed legal issue. Counsel focused his appellate strategy on the sufficiency of the evidence to support the attempted first degree murder and especially aggravated robbery convictions. Counsel also identified excessive sentencing as a viable issue on appeal.

Appellate counsel testified that he wrote the Petitioner at least five times and that he communicated with the Petitioner's family throughout the appeal process. Counsel said he explained to the Petitioner that a delay in sentencing was not unusual for the trial court. Counsel said that when the Petitioner mentioned raising on appeal the video recording incident, counsel advised the Petitioner that no legal issue was apparent from the trial transcript. Counsel testified that in his opinion, trial counsel had not performed deficiently in not asking for a mistrial after the recording incident. Appellant counsel said the trial transcript contained no evidence to support a mistrial or a claim of jury tampering.

Appellate counsel testified that he raised the same issues in the motion for a new trial and on appeal. Counsel said that when this court affirmed the convictions, he filed a Tennessee Supreme Court Rule 11 application, which was denied.

On cross-examination, appellate counsel testified that he learned of the Petitioner's sentences before the motion for a new trial was filed. Counsel said he obtained the sentencing order during the summer of 2017 before obtaining the trial transcript. Counsel said that he informed the Petitioner a delayed sentencing order was not a speedy trial issue, that a delay in issuing a written sentencing order was not uncommon for the trial court, and that he believed the delay did not impact the sentence.

Appellate counsel testified that he received many letters from the Petitioner regarding issues for appeal and that he responded to them. Counsel said he received the trial transcripts and researched the issues he intended to raise on appeal. He filed an amended motion for a new trial in November 2018. Counsel telephoned trial counsel, discussed the trial, and decided to raise sufficiency of the evidence on appeal.

The post-conviction court denied relief and held that the Petitioner had waived his right to raise as a due process violation due to the delay between the sentencing hearing and the entry of the sentencing order, as the Petitioner failed to raise the issue in his motion for a new trial or on direct appeal. The court found that while the delay in sentencing was somewhat "extensive," the delay was not greater than the minimum service requirement for the effective sentence imposed. The court found that trial counsel could not be expected

to urge a trial court to issue a sentencing order before the court was ready. The post-conviction court concluded that neither trial nor appellate counsel acted deficiently in not raising a delay-in-sentencing claim.

The post-conviction court found that the Petitioner failed to demonstrate that he was prejudiced by the delay in sentencing. The court noted that the Petitioner did not testify or allocute at the sentencing hearing. The court noted that the Petitioner's only statement of remorse was in the presentence report. The court acknowledged that the delay in sentencing was longer than in most cases but that the Petitioner failed to demonstrate that he was prejudiced by the delay.

The post-conviction court found that the Petitioner was present and represented by counsel throughout the sentencing and that the sentence was not imposed during the hearing but issued later by the entry of a written order. The court found that it was unnecessary for the Petitioner to be present, as there was no proceeding to be present for at the entry of the sentencing order; that the Petitioner failed to demonstrate that his absence for the entry of the sentencing order prejudiced him; and that trial counsel was not deficient for not requesting the Petitioner's presence at the entry of the sentencing order. This appeal followed.

# I

## Ineffective Assistance of Counsel

The Petitioner contends that the post-conviction court erred in denying his ineffective assistance of counsel claims. He argues that the court applied the wrong legal standard, which increased the burden of proving his claims. He also argues that the court erred in denying his claims that (1) trial counsel was ineffective for failing to request that the Petitioner be present for the entry of the sentencing order or to object to the Petitioner's absence when the sentences were imposed and that (2) trial and appellate counsel were ineffective for failing to raise a due process claim due to the delay between the sentencing hearing and the imposition of the sentences. The State counters that the court did not apply an incorrect legal standard and that the Petitioner has not shown that the court erred in denying relief. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997);

*see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Whether the post-conviction court applied the correct burden of proof is a question of law that is reviewed de novo with no presumption of correctness. *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009). To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 668, 687; *see Lockhart*, 506 U.S. at 368-72. The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See Melson*, 772 S.W.2d at 417, 419 n.2.

We begin by addressing the Petitioner's argument that the post-conviction court applied an incorrect legal standard when it denied the Petitioner's ineffective assistance of counsel claims. In support of his argument, the Petitioner points to multiple statements in the order denying relief in which the court stated that the Petitioner failed to establish his claims by clear and convincing evidence. However, none of these statements in the court's order relate to the ineffective assistance of counsel claim regarding the Petitioner's absence when the sentencing order was entered and the failure of trial and appellate counsel to raise a due process claim related to the delay in entering the sentencing order.

The Petitioner argues that this court should reverse and remand this case for further proceedings due to the post-conviction court's alleged failure to apply the appropriate legal standard to the other ineffective assistance of counsel claims: (1) failure to request an individualized hearing of the jury related to the alleged recording incident and failure to raise the issue on appeal; (2) failure to preserve unspecified issues for appeal by including them in the motion for a new trial; and (3) failure to raise appellate issues regarding the sufficiency of the evidence to support the convictions for aggravated robbery and employment of a firearm during the commission of a dangerous felony, attempted first degree murder, and especially aggravated robbery. Aside from the allegation that the court applied the wrong standard, the Petitioner has not explained why the court reached the wrong conclusion and that he would be entitled to relief upon remand.

When a post-conviction court has used language which appears "imprecise" regarding the burden of proof, appellate courts have looked to the post-conviction court's underlying analysis to determine whether the court applied a correct legal standard. *See Phillips v. State*, 647 S.W.3d 389, 403 (Tenn. 2022). Appellate review of a post-conviction court's analysis focuses on the court's citation to the proper authority and the application of the appropriate legal test. *Id.*

In its order denying relief, the post-conviction court correctly stated the law in an almost two-page analysis of the law regarding the legal standard for post-conviction claims involving allegations of the ineffective assistance of counsel. The court stated that factual allegations must be proven by clear and convincing evidence and that a petitioner bears the burden of proving both deficient performance and prejudice in order to prevail on an ineffective assistance of counsel claim. *See* T.C.A. § 40-30-110(f); *Strickland*, 466 U.S. at 687. We acknowledge that the court's subsequent language in adjudicating some of the claims is imprecise. However, when read in the overall context of the order, it is apparent that the court considered whether the Petitioner had established by clear and convincing evidence the facts to support each of his claims. The order shows, as well, that the court examined whether the Petitioner had established facts to support both the deficiency and prejudice prongs of the ineffective assistance of counsel claims. The record reflects that the court applied the appropriate legal standard in deciding the issues. *See Phillips*, 647

S.W.3d at 403. Thus, the Petitioner is not entitled to a remand on his ineffective assistance of counsel claims.

The Petitioner asserts that trial counsel was ineffective for failing to request the presence of the Petitioner and to object to the absence of the Petitioner when the written sentencing order was entered. The Petitioner argues that had he been present at the imposition of his sentence, his sentence might have been less lengthy. The Petitioner also claims that counsel failed to object to the delay in the imposition of his sentence or to argue the issue on appeal.

The Petitioner's testimony at the post-conviction hearing was his only evidence for the deficiency claim and for the claim that the Petitioner's absence at the imposition of the sentence prejudiced him. The Petitioner claimed that if he had been present at the imposition of the sentence, the trial court would have been able to see his remorse and, in turn, might have sentenced him leniently. However, the record reflects that the Petitioner was afforded the opportunity to make a statement in the presentence report and at the sentencing hearing.

The record reflects that sentencing was imposed by the trial court's written order, and there was no hearing at which the sentence was imposed. The trial court's order is part of this court's record in the appeal of the convictions. The order reflects that the court made factual findings to support its application of enhancement factors, the absence of mitigating factors, and the factors supporting consecutive sentencing. The Petitioner has failed to provide any evidence beyond his speculative testimony that his absence when the written order was entered prejudiced the defense and has provided no authority to support his argument. The record supports the post-conviction court's determination that nothing in the Petitioner's testimony undermines the confidence in the outcome of his trial or his sentence. *Id*. The post-conviction court credited the testimony of trial and appellate counsel over that of the Petitioner and found that the Petitioner failed to prove deficiency of counsel or prejudice to the defense.

Additionally, the Petitioner asserts that trial counsel was ineffective for failing to raise a due process challenge to the delay between the sentencing hearing and the entry of the order. The Petitioner argues he would have likely received a lesser sentence if counsel had raised the undue delay issue. The Petitioner has not explained how he would have received a lesser sentence had counsel raised the undue delay issue.

The record reflects that the Petitioner's trial counsel asked the trial court about the progress of Petitioner's judgments and sentencing order and encouraged the court to issue the order. Trial counsel testified that he thought the appropriate action was to inquire with the court about the delay in the entry of the sentencing order and judgments. To the extent that the Petitioner argues that counsel was ineffective for failing to raise a due process

claim regarding the delay in sentencing, he relies upon Justice Sotomayor's concurring opinion in *Betterman v. Montana*, 578 U.S. 437, 450-51 (2016) (Sotomayor, concurring), in which she suggested that the analysis adopted in *Barker v. Wingo*, 407 U.S. 514 (1972), for speedy trial claims might be an appropriate framework for evaluating claims involving delay in sentencing. As the State notes in its brief and the Petitioner acknowledges in his reply brief, the Petitioner did not raise a free-standing due process claim regarding the delay in entry of the sentencing order. Rather, he raised an ineffective assistance of counsel claim related to trial and appellate counsels' failure to raise due process claims related to the delay. Trial counsel's testimony at the hearing reflected that he elected, in his professional judgment, to address the delay by inquiring with the court about the delay in entry of the order and judgments. The record supports the post-conviction court's determination that trial counsel was not deficient in addressing the delay in this manner, rather than by raising a due process claim.

The Petitioner argues that he was prejudiced by the delay because the trial judge would have been unable to recall the statements, attitudes, and demeanor of witnesses at the sentencing hearing when it issued the sentencing order. The record reflects that the sentencing hearing was on August 18, 2016, the sentencing order was entered August 7, 2017, and the judgment was entered on August 15, 2017. As we have stated, the sentencing order contained relevant factual findings to support the sentences imposed. The Petitioner put on no proof, other than his speculation, that he was prejudiced by the delay of the order's entry.

The record supports the post-conviction court's determination that the Petitioner failed to show by clear and convincing evidence that he was prejudiced by any delay in the entry of the sentencing order. The Petitioner has failed to prove deficient performance or prejudice on this issue.

Regarding the Petitioner's claim that appellate counsel provided ineffective assistance because he did not raise on appeal the delay in the entry of the order, the post-conviction court found that the Petitioner suffered no prejudice. The record supports the court's determination. The Petitioner failed to establish he was prejudiced by counsel's failure to raise the delay issue on appeal. He is not entitled to relief on this issue.

## II

### Cumulative Error

The Petitioner claims that the cumulative deficiencies of trial and appellate counsel warrant relief for the Petitioner. The State responds that the Petitioner is not entitled to cumulative error relief. We agree with the State.

The cumulative error doctrine requires relief when "multiple errors [are] committed in the trial proceedings, each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial." *State v. Hester*, 324 S.W.3d 1, 76–77 (Tenn. 2010) (internal citations omitted); *see State v. Jordan*, 325 S.W.3d 1, 79 (Tenn. 2010) ("'[T]he combination of multiple errors may necessitate . . . reversal . . . even if individual errors do not require relief.'") (quoting *State v. Cribbs*, 967 S.W.2d 773, 789 (Tenn. 1998)).

"[W]hen an attorney has made a series of errors that prevents the proper presentation of a defense, it is appropriate to consider the cumulative impact of the errors in assessing prejudice" of an ineffective assistance of counsel allegation. *Timothy Terell McKinney v. State*, No. W2006-02132-CCA-R3-PD, 2010 WL 796939, at *37 (Tenn. Crim. App. Mar. 9, 2010), *perm. app. denied* (Tenn. Aug. 25, 2010). More than one instance of deficient performance, when considered collectively, can result in a sufficient showing of prejudice pursuant to *Strickland*. *Id.* The question is whether counsel's deficiencies "cumulatively prejudiced . . . the right to a fair proceeding and undermined confidence in the outcome of the trial." *Id.* Counsel's failure to conduct adequate pretrial preparation and investigation may establish prejudice pursuant to *Strickland*. *Id.*

In the present case, the Petitioner failed to establish deficient performance by counsel. Therefore, the Petitioner has failed to establish multiple deficiencies from which this court might grant relief under the cumulative error doctrine.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE